## Jackson, Appellant, *v.* Tozer.

[Marked to be reported.]

*Will—Issue devisavit vel non—Evidence—Submitting construction of paper to jury—Verdict—Amendment to verdict—Practice, C. P.*

On the trial of an issue devisavit vel non, the paper admitted to probate was as follows: "Pen Argyl, August 17th, 1887. High James Rogers do give to John Jackson Sr. my property known as Pen argyl Hotel and the land ajoining in Pen argyl in Northampton County, P. A. (Signed) James Rogers." The issue turned upon the question whether the paper was testamentary in its character. Rogers committed suicide Sept, 6, 1887, in his room, and the above paper was found lying on the top of a closed trunk in an unsealed envelope addressed to John Jackson, Sr. Plaintiff asked the court to charge the jury that if they believed James Rogers "intended the paper, offered as his will, to take effect only after his death, the verdict must be for the plaintiff." This was affirmed, and the jury were also told that if they believed under the evidence the paper was intended as a present gift at the time of its date, their verdict should be for the defendant. The jury returned a verdict as follows: "We agree that the document written by James Rogers was his wish that it should take effect at the time it was written." The court amended the verdict so as to read, "verdict for defendant," and upon this verdict judgment was entered. *Held*, that the judgment should be affirmed.

It seems that the practice of submitting the construction of such a paper to the jury, is not to be commended.

Argued March 8, 1893. Appeal, No. 255, Jan. T., 1893, by plaintiff, John Jackson, from judgment of C. P. Northampton Co., Aug. T., 1892, No. 9, on verdict for defendant, John Tozer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Issue devisavit vel non. [See also the preceding case.]

The charge of the court was as follows by SCHUYLER, P. J.:

"In framing this issue we directed that the person who is named in this paper as the beneficiary, John Jackson, Sr., should be mâde the plaintiff, and a man by the name of John Tozer should be made defendant. [Who John Tozer is does not appear from the evidence here, but he would have no standing in this court to contest the validity of this paper unless he was a party in interest, and, being a party in interest, if your verdict should be in favor of the defendant the effect of that verdict would be a verdict in favor of the heirs of James Rogers, deceased, so that, while this is nominally an issue between John Jackson, Sr., and John Tozer, it is really an issue between John Jackson, Sr., and the heirs of James Rogers, deceased.] [2]

"I have said to you that the question for you to try is whether this paper is the last will and testament of James Rogers. A will has been variously defined, but the definitions all amount to about the same thing, and that is that it is, when in writing, an instrument in which a person makes a disposition of his property to take effect after his death. This is what distinguishes a will from an ordinary gift. A gift takes effect at once if it takes effect at all, that is, the ordinary gift does. But if it is a gift in a will it is then a gift limited to take effect after the death of the party who made the will.

"Now, while you are to determine the question as to whether or not this paper is the last will of James Rogers—whilst that is the form of the issue—that question is to be determined by the determination of the inquiry whether it was intended by James Rogers that this paper should not take effect at once, but should take effect after his death.

"I say to you that the paper on its face is not a last will and testament; it is a gift, because it was not accompanied by a delivery of the paper or of the property, that is, it is an imperfect gift and not a testamentary gift, and if there was nothing else in this case except the paper alone it would be your duty to return a verdict in favor of the defendant.

"You have listened to a very long and able argument from both of the learned counsel on the question whether you could go outside of this paper in determining the question of the intention of James Rogers in making this paper.

"After giving the best thought to the subject that I am able

to give it, I have reached the conclusion that the evidence which has been offered outside of this paper is competent evidence to go to the jury upon the question whether James Rogers intended this paper to be his last will and testament. I do not want you to mistake the effect of the ruling of the court. We simply say that this evidence is competent. But it is a question for you, and for you exclusively, to determine whether the evidence, after it has been admitted, satisfies you that James Rogers, while he does not say so upon the face of the paper, intended that this paper should take effect after his death.

" The facts upon which the plaintiff relies as establishing the affirmative of this question are very few and very simple. The paper, as you will remember, is dated August 14, 1887. About three weeks after that date James Rogers was found dead in his bed, having committed suicide by shooting himself. Shortly after his dead body was discovered this paper, inclosed in an envelope addressed to John Jackson, Sr., was found on a trunk at the bottom of the bed. So far as the evidence is concerned we know nothing about the paper from the time it was written until the time it was discovered upon this trunk; there is no direct evidence as to who placed the paper there. You have heard the argument of the counsel for the plaintiff upon that branch of the case; the claim is that the house was locked and that it was impossible for anyone else to have placed the paper where it was found. You are to give that evidence such weight as you think it is entitled to. Of course, if that paper was placed there by some one else and not by James Rogers, there would be no significance in the fact that it was found upon the trunk in the way testified to. That is all the evidence there is in the case bearing upon this question, whether James Rogers intended this paper to be his last will and testament, or that it should take effect after his death. It is a question which I have concluded, after a great deal of thought, to submit to you for your finding. If you find from the evidence, and if the evidence is clear on that point, that James Rogers did intend that this paper should take effect after his death, then you will return a verdict in favor of the plaintiff. If, however, you are not satisfied by the weight of the evidence of that fact, then you will return a verdict in favor of the defendant."

Plaintiff's request for binding instructions was refused. [1]

The jury returned the following verdict: "We agree that this document written by James Rogers was his wish that it should take effect at the time it was written." The court subsequently amended the verdict so as to read, "verdict for defendant;" and judgment was entered upon the verdict as thus amended.

*Errors assigned* were (1, 2) instructions, quoting them; (3, 4) in refusing to arrest the judgment; (5) in amending the verdict.

*Henry W. Scott*, for appellant.—The court permitted the jury to say it was a just inference that the paper was intended to take effect when written. Is there a syllable of proof from which such a fact could be found? The proofs are brief. The statement of the case is its best argument. It was intended to be testamentary: Fosselman v. Elder, 98 Pa. 159.

In stating to the jury that the effect of a verdict for defendant would be to give the property to the heirs, he was stating a fact which could only create sympathy and influence the action of the jury to invalidate a paper by which decedent had given his estate to a stranger. Inconclusive facts when thus presented by a judge can only mislead: Coxe v. Derringer, 82 Pa. 258 ; Byles v. Hazlett, 11 W. N. 213 ; Rosenagle v. Handley, 151 Pa. 107; Com. v. Switzer, 134 Pa. 383 ; Catasauqua Manufacturing Co. v. Hopkins, 141 Pa. 30.

Neither was there a word of proof offered by the defendant that he was an heir. That somebody appeared as contestant did not prove there were heirs. The commonwealth is a proper party to contest a will for the purposes of escheat. Such action is not only proper, but necessary: Hazlett's Est., 37 Pitts. L. J. 32 ; Musselman v. R. R., 2 W. N. 105.

Judgment ought to have been arrested on the verdict. It was uncertain, insensible, and fell short of an actual finding sufficient to support a judgment, or to amend into one for defendant. It was not a finding for either plaintiff or defendant: Haycock v. Greup, 57 Pa. 440; Cohn v. Scheur, 115 Pa. 178; Patterson v. U. S., 2 Wheat. 221.

As to admissibility of evidence to show that paper was in-

tended to be testamentary, see Wms. Ex., 7th ed., p. 141; Jarman, Wills, 18, 25, and notes; Robey v. Hannon, 6 Gill, 463, 467; Hamilton v. Peace, 2 Desaus. 79, 91; Wareham v. Sellers, 9 G. & J. 98; Robertson v. Smith, L. R. 2 P. & Div. 43; Clarke v. Ransom, 50 Cal. 595; Outlaw v. Hurdle, 1 Jones, L. 150; Cock v. Cooke, L. R. 1 P. & Div. 240; Patterson v. English, 71 Pa. 459; Knox's Est., 131 Pa. 222; Robertson v. Dunn, 2 Murphy, 133; s. c., 5 Am. Dec. 525.

*T. F. Emmens*, for appellee.—If the facts as detailed by the witnesses were sufficient upon which to base a finding that he intended this to be his will, or that he had no such intention, then (if testamentary intent can be determined by extraneous testimony) it might have amounted to something to submit to a jury. But there is not the shade of a shadow of evidence to indicate the intent of deceased in writing this paper.

If the jury in a civil proceeding misapply the law, the party injured may obtain redress by applying for a new trial. But the jury are not in any case, whether civil or criminal, bound to apply the law. They are always at liberty to find a special verdict, that is, to state specifically what facts they find to be proved, and the remainder of the process which is essential to the verdict, that is, the application of the law to the facts so found, is left to be executed by the court: Starkie on Ev., 9th ed. 9.

If a special verdict, on a mixed question of fact and law, finds facts from which the court can draw clear conclusions, it is no objection to the verdict that the jury have not themselves drawn such conclusions and stated them as facts in the case: 2 Tidd's Pr. 897. Certainty to a common intent is sufficient in a verdict: Liter v. Green, 2 Wheat. 306; Downey v. Hicks, 14 How. 240.

It is the proper course where the jury are in doubt about the application of the law to the facts to find on all the facts of the case as disclosed in the evidence: Peterson v. U. S., 2 Wash. C. C. 36.

The court is confined to the facts found and will render judgment on it, if it be substantially good though insufficiently worded: Ingersoll v. Blanchard, 2 Yeates, 543. When the verdict is defective the court may upon motion and in order

to sustain the merits amend it: Morse v. Chase, 4 Watts, 458; Wallingford v. Dunlap, 14 Pa. 31; Kendig's Ap., 82 Pa. 68.

It does not follow merely because a jury choose to return their verdict only in particular words, instead of saying aye or no, that the verdict is a special one: Scales v. Key, 11 A. & E. 819; Arch. Pr. 304.

If the words are clear and have a definite meaning, no extrinsic evidence to show a different meaning can be admitted: 1 Gr. Ev. 290; 1 Story, Eq. Juris. 181; Stein v. North, 3 Yeates, 324; Starkie, Ev. 698.

The presumption is against an informal paper and in any event it devolves upon a party producing such a paper to prove not only that it is the act of the deceased but that it was executed animo testandi: Stein v. North, 3 Yeates, 324; Todd's Will, 2 W. & S. 145; Frederick's Ap., 52 Pa. 338; Frew v. Clarke, 80 Pa. 170; Phipps v. Hope, 16 Ohio St. 586; 1 Redf. on Wills, § 17, 170.

The character of the paper and the want of jurisdiction are apparent on the face of the record and the register's decree is an absolute nullity: Wall v. Wall, 123 Pa. 545.

Does this paper depend upon the death of the maker to consummate the gift? The answer must be no. Then it cannot be a will. And no testimony plaintiff can adduce can make it a will: Turner v. Scott, 51 Pa. 126; Hancock's Ap., 112 Pa. 532; Woelppers' Ap., 126 Pa. 562; Rupp v. Eberly, 79 Pa. 141.

Opinion by Mr. Justice WILLIAMS, April 3, 1893:

The several assignments of error in this case really raise but one question, viz.: Did the verdict as rendered justify the judgment entered by the court below? The paper which had been admitted to probate as the last will of James Rogers was in these words:

"Pen argyl, August, 17th, 1887.

"High James Rogers, do give to John Jackson Sr my property known as Pen argyl Hotel and the land ajoining in Pen argyl in Northampton County, P. A.    JAMES ROGERS."

The allegations upon which the issue had been awarded were that this paper had been executed under undue influence, and that at the time of its execution James Rogers was without tes-

tamentary capacity.   Upon the trial the further objection was taken that the paper was not testamentary in its character, and the issue turned upon this question.   The plaintiff asked the court to charge the jury that if they believed James Rogers " Intended the paper, offered as his will, to take effect only after his death, the verdict must be for the plaintiff."   This was affirmed and the jury were also told that if they believed under the evidence the paper was intended as a present gift at the time of its date, their verdict should be for the defendant. The jury returned a verdict as follows:  " We agree that the document written by James Rogers was his wish that it should take effect at the time that it was written."   This distinctly negatived the fact upon which the plaintiff's point was predicated, that Rogers intended the paper to take effect as his will after his death, and found that it was intended to take effect at its date which was some two weeks before his death.   The court did no violence to the letter or spirit of this verdict when it was amended so as to read, " Verdict for defendant," for it is an affirmance of the defendant's position in regard to the nature and purpose of the paper.   Whether it was not the duty of the court to determine the character of this paper is a question we need not discuss, for both parties treated the question on the trial as one of fact for the jury, rather than one of law for the court.   The meaning of a written instrument and its legal effect are, as a general rule, to be determined by the court, and its construction ought not to be turned over to a jury.  But as we have already pointed out, this point is not presented on this record.   Assuming that this was a question for the jury, we see no error in the manner of its submission or in the amendment of the verdict.

The two questions to determine which the issue was directed, viz.:  testamentary capacity, and undue influence, were not submitted to the jury or touched by their verdict.   On the other hand, the legal effect of the alleged testamentary paper was submitted to the jury with the assent of both parties, and as a consequence they have found that a paper, aptly disposing of the entire estate of James Rogers and found exposed conspicuously in the room in which he committed suicide, was intended to take effect two weeks prior to its exhibition as an absolute gift; notwithstanding the fact that he had kept it in his own possession until the hour of his death, and then for the first time placed it

where those who discovered his dead body could not fail to discover his written declaration of his wishes in regard to his property.

While we are constrained to affirm this case upon the questions presented by the record, we do not wish to be understood as assenting to the practice of submitting the construction of such a paper as that now before us to a jury.

The judgment is affirmed. This does not affect the administration.